[Docket No. 24]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| JAWAN H.,[1] <br><br>        Plaintiff, <br><br>        v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>        Defendant. | Civil No. 20-3486 (RMB) <br><br> **MEMORANDUM ORDER** |

**RENÉE MARIE BUMB, Chief United States District Judge:**

Attorney Alan H. Polonsky, Esq. moves for attorney's fees under Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b), based on a contingent-fee arrangement he has with social security claimant Jawan H.  By that agreement, Jawan agreed that Mr. Polonsky would receive 25% of any past due disability benefits award the Commissioner of Social Security awarded him for representing him in his social security matter.   Mr. Polonsky seeks $23,088.35 in attorney's fees from Jawan's past due benefits award, which according to Mr. Polonsky, constitutes 25% of the award.  [Polonsky's Br. in Supp. of Mot. for Attorney's Fees 2-3 (Docket No. 24) (Counsel Br.).]  Because courts must police contingent-fee agreements to ensure they are reasonable, this Court **GRANTS, in part, and DENIES, in part**, Mr. Polonsky's fee application.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts should refer to plaintiffs in social security disability cases by only their first names and last initials given the significant privacy concerns in these matters. *See also* D.N.J. Standing Order 2021-10.

## I.    BACKGROUND

By the contingent-fee agreement, Jawan agreed to pay Mr. Polonsky 25% of a past due disability benefits award as compensation for representing him before the Commissioner, the Administrative Law Judge, and this Court.  [Docket No. 24-4.]  Mr. Polonsky filed a social security appeal in this Court seeking to overturn the Commissioner's denial of Jawan's application for disability benefits.  [Docket No. 1.]  He then filed a brief making three arguments in support of Jawan's appeal.  [Docket No. 9.]  After the Commissioner opposed the appeal, Mr. Polonsky filed a reply brief addressing the Commissioner's opposition. [Docket No. 18.]  Following briefing, the Court vacated the Commissioner's decision, and remanded the matter for more administrative proceedings.  [Docket Nos. 19-20.]

After the Court's decision, Mr. Polonsky filed a consent order seeking $5,750 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.  [Docket No. 22.]  The Court entered that order.  [Docket No. 23.]  However, the United States Treasury applied Jawan's EAJA award to Jawan's outstanding child support obligations.  [Docket No. 24-2.] Thus, neither Jawan nor Mr. Polonsky received the EAJA award.   On remand, the Commissioner ultimately found Jawan disabled, awarding him $92,353.00 in past due disability benefits.  [Counsel Br. at 2.]

To support this attorney's fees application, Mr. Polonsky submits an "Itemization of Service Hours" outlining the time he spent on Jawan's social security appeal with an hourly rate of $217.16.  [Docket No. 24-1.]  According to Mr. Polonsky, he spent 30.15 hours on Jawan's social security appeal in this Court.[2]  [*Id.*]  Mr. Polonsky asserts the $26,088.35 in

---

[2] Mr. Polonsky's "Itemization of Service Hours" totals 30.90 hours, which includes .75 for "Draft[ing] and Fil[ing] EAJA Petition."  [Docket No. 24-1.]  Mr. Polonsky acknowledges he cannot receive any fees associated with his EAJA fee application, and so, he has excluded that amount.  [Counsel Br. at 3-4, n.3 (noting .75 hours in statement "are not compensable under 42 U.S.C. § 406(b) and are thus excluded").]

attorney's fees under the contingent-fee arrangement is reasonable because "the fee requested would result in an imputed effective hourly rate which is more than twice but less than three times [his] non-contingent rate." [Counsel Br. at 4 n.4.] Mr. Polonsky contends courts have found similar fee requests reasonable. [*Id.*]

The Commissioner neither "supports nor opposes" Mr. Polonsky's attorney's fees application. [Commissioner Resp. to Polonsky Pet. For Att'ys Fees 1 (Docket No. 26).]

## II.   DISCUSSION

The Social Security Act allows an attorney to have a contingent-fee arrangement with a social security claimant under which the attorney receives a percentage of the benefits award. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (explaining the Act "does not displace contingent-fee agreements"). Section 406(b) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b). "Contingent fee arrangements are 'the primary means by which fees are set for successfully representing Social Security benefits claimants in court.'" *Laurice A.H. v. Kijakazi*, 2023 WL 8237336, at *2 (D.N.J. Nov. 28, 2023) (quoting *Gisbrecht*, 535 U.S. at 807)). By Section 406(b), contingent-fee arrangements providing for fees beyond 25% of past due benefits are "unenforceable." *Gisbrecht*, 535 U.S. at 807.

While Congress allows contingent-fee arrangements in the social security realm, courts must police those agreements to ensure they are reasonable. *Id.* ("§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). In doing so, courts look to "the experience of counsel, the nature

of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding." *Leak v. Comm'r of Soc. Sec.*, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017). And courts "must also consider 'the primacy of lawful attorney-client fee agreements.'" *Acosta v. Comm'r of Soc. Sec.*, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) (quoting *Gisbrecht*, 535 U.S. at 793). Courts can reduce "an attorney's recovery based on the character of the representation and the results the representative achieved," or "[i]f the attorney is responsible for delay." *Gisbrecht*, 535 U.S. at 808. Courts will also reduce a fee award when "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* Said another way, courts will reduce a fee award to prevent windfalls to attorneys. *Id.* And if the attorney has received a fee award under the EAJA, the attorney must refund that award to the social security claimant. *Id.* at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (alteration in original, citation omitted))).

When examining the reasonableness of a contingent-fee award, courts in this District (and elsewhere) calculate an attorney's "imputed" or "effective" hourly rate by looking to the overall amount of the contingent-fee award allowed by the contingent-fee agreement and dividing that figure by the number of hours counsel has certified to working. *See generally Hayes v. Sec. of Health & Hum. Servs.*, 923 F.2d 418, 422 (6th Cir. 1990) (explaining the "hypothetical hourly rate [is] determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract"); *see also Fitzpatrick v.*

4

*Comm'r of Soc. Sec.*, 2022 WL 1963664, at *2 n.1 (D.N.J. June 3, 2022).  That outcome helps courts determine the "multiplier."  *Hayes*, 923 F.2d at 422.  Courts have found "an 'hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.'" *Rothenbecker v. Astrue*, 764 F.Supp.2d 697, 699 (M.D. Pa. 2011) (quoting *Hayes*, 923 F.2d at 422)).

With those principles in mind, this Court turns to Mr. Polonsky's fee application.  The Court first considers his "experience" as "counsel."  *Leak*, 2017 WL 5513191, at *1.  While Mr. Polonsky has submitted no affirmation detailing his background or experience, he provides some background information in a footnote of his moving papers.  [Counsel Br. at 4-5 n.6.]  Mr. Polonsky asserts he received his law degree from Delaware Law School in 1975, and following graduation, he spent about ten years as a staff attorney for the Social Security Administration.  [*Id.*]  When he left the Administration, he began private practice where he "represented Social Security claimants in hundreds of civil actions and thousands of Administrative proceedings and hearings."  [*Id.*]  Mr. Polonsky claims to have over forty years of experience handling social security matters.  [*Id.*]  He also asserts he served on various boards focusing on social security matters and often lectures on social security and disability law.  [*Id.*]

Next, the Court considers Mr. Polonsky's hourly rate and the nature of contingent fees sought.  *Leak*, 2017 WL 5513191, at *1.  Mr. Polonsky seeks $23,088.35 in attorney's fees from Jawan's $92,353.00 past due disability benefits award, which constitutes 25% of the award. [Counsel Br. 2-3.]  Under the contingent-fee agreement, Jawan agreed to pay Mr. Polonsky 25% from any past due disability benefits award as compensation for representing

him before the Commissioner, the Administrative Law Judge, and this Court.  [Docket No. 24-4.]  According to Mr. Polonsky, he spent 30.15 hours on Jawan's social security appeal at an hourly rate of $217.16.  [Docket No. 24-1.]  Thus, Mr. Polonsky has an imputed hourly rate of $765.77—about 3.5 times higher than his standard hourly rate.[3]

Courts in this District have found an imputed hourly rate of $700 and more reasonable under the circumstances.  *Wells v. Comm'r of Soc. Sec.*, 2024 WL 447768, at *1-2 (D.N.J. Feb. 6, 2024) (approving imputed hourly rate of "1,056.34"); *see also Gonzalez v. Comm'r of Soc. Sec.*, 2017 WL 6513349, at *2-3 n.3 (approving imputed hourly rate of "992.82"); *Leak*, 2017 WL 5513191, at *1-2 (finding fee award of over $28,000 reasonable where attorney had imputed hourly rate of $745.24).  But in those cases, courts found the imputed hourly rate was either double or a little more than double the attorney's standard hourly rate.  *See, e.g.*, *Wells*, 2024 WL 447768, at *2 (approving contingent fee award because, among other reasons, attorney's "imputed hourly rate [was] not substantially greater than double his non-contingent hourly rate"); *cf. Fitzpatrick*, 2022 WL 1963664, at *1-2 (approving contingent fee award where counsel had an imputed hourly rate of "702.37" which was "approximately less than twice Counsel's standard non-contingent fee rate of $450.00 per hour").  But courts in this District have reduced imputed hourly rates that were three times counsel's standard hourly rate.  *Rossi v. Comm'r of Soc. Sec.,* 2023 WL 6533488, at *2-3 (D.N.J. Oct. 6, 2023) (reducing "imputed hourly rate of $1,295.05 to $950.00, which is slightly higher than twice Counsel's standard non-contingent fee of $450" where counsel sought an imputed hourly rate "nearly three times the amount of Counsel's standard rate" and counsel certified to working about 24 hours on

---

[3] Mr. Polonsky's claim that his imputed hourly rate is "more than twice but less than three times [his] non-contingent rate" is incorrect.  [Counsel Br. at 4 n.4.]

the social security appeal); *see also Rothenbecker*, 764 F. Supp.2d at 699 (reducing the imputed hourly rate of $1,013.50 to $850.00 where counsel's standard non-contingency hourly rate was $400.00, thus awarding an hourly rate just over twice his standard rate).

Turning to the other factors, there is no evidence before the Court that Mr. Polonsky caused any delay to increase his fees.  In addition, neither the Commissioner nor Jawan have objected to Mr. Polonsky's fee application.  While Mr. Polonsky achieved Jawan a positive result (both in this Court and on remand), counsel has not pointed "to any specific complexities of this case." *Rossi,* 2023 WL 6533488, at *2.  Mr. Polonsky based Jawan's appeal on three arguments, which suggests the appeal "appears routine." *Id.*  Moreover, the Court need not consider the EAJA award because Mr. Polonsky never received it since the Treasury Department intercepted the money. *Weber v. Comm'r of Soc. Sec.*, 2015 WL 2365586, at *3 (S.D. Ohio Apr. 2, 2015) ("Counsel is under no obligation to return to Plaintiff an EAJA fee that he never actually received.")

Given Mr. Polonsky's background and experience, his standard hourly rate, how long he spent on this matter, and the issues involved in the appeal, the Court finds enforcing the contingent-fee agreement to allow Mr. Polonsky to receive 25% of Jawan's past due disability award would result in a windfall to Mr. Polonsky.  So the Court reduces Mr. Polonsky's imputed hourly rate from $765.77 to $542.90—more than 2.5 times his standard hourly rate. *See Rothenbecker*, 764 F. Supp.2d at 699; *see also Rossi*, 2023 WL 65383488, at *2.  With the reduced imputed hourly rate, Mr. Polonsky will receive $16,368.44 in attorney's fees, which constitutes about 17.7% of the past due disability benefits award that Jawan received. *Cf. Rossi*, 2023 WL 65383488, at *2 (using a 2.1 multiplier and reducing contingent fee award to 18.1% of past due disability benefits award).

7

### III.    CONCLUSION

For the above reasons, and for other good cause shown,

**IT IS**, on this **22nd** day of **May**, **2024**, hereby

**ORDERED** that Mr. Polonsky's Motion for Attorney's Fees under Section 406(b) of the Social Security Act (Docket No. 24) is **GRANTED**, **in part**, and **DENIED**, **in part**, and it is further

**ORDERED** that Mr. Polonsky shall be awarded $16,368.44 in attorney's fees from Plaintiff Jawan H.'s past due disability benefits award; and it is finally

**ORDERED** that the Commissioner of Social Security shall remit the remainder of the past due disability benefits award the Commissioner set aside for attorney's fees to Plaintiff Jawan H. (to the extent any award still remains).

<u>**s/Renée Marie Bumb**</u>
RENÉE MARIE BUMB
Chief United States District Judge